UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNN RUGGIERI

Plaintiff

v.

CA 05 056 S
C.A. NO. ____________

BRYANT UNIVERSITY
a/k/a
BRYANT COLLEGE

Defendant

# COMPLAINT

## INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by LYNN RUGGIERI (hereinafter "Plaintiff" or "RUGGIERI") against BRYANT UNIVERSITY a/k/a BRYANT COLLEGE, (hereinafter "Defendant" or "Employer") in order to remedy and seek relief for discrimination based on gender in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

a. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business: 1150 Douglas Pike; Smithfield, Rhode Island 02917-1284; the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, at its Smithfield, Rhode Island facility, but for the Defendant's unlawful practices.

4. On or about June 9, 2004 Ruggieri filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal

Employment Commission ("EEOC"), alleging that she had been subjected to acts of gender discrimination and retaliation, and had been discriminated against on the basis of her gender—RICHR #356-10/34; EEOC #16JA400231.

5. The RIHRC and the EEOC subsequently issued Notices of Right To Sue. (Attachment A&B.)

6. Plaintiff has filed this action within ninety (90) days of her receipt of federal and state Right To Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

THE PARTIES

7. The Plaintiff, Lynn Ruggieri ("Ruggieri" or "Plaintiff"), an individual, is a resident of the town of Barrington, RI..

8. Plaintiff Ruggieri is a "person" within the meaning of R.I.G.L. §§28-5-6 (1) and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S. 2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

9. On information and belief, the Defendant, Bryant University a/k/a Bryant College ("Defendant" or "Employer" or "Bryant"), is a college/university incorporated by the State of Rhode Island (ID #27915) for the purpose of higher education. At the

time of the initial events at issue in this case Bryant utilized the name Bryant College. On information and belief, during or about August, 2004, prior to the filing of this action, Bryant College changed its name to Bryant University.

10. Defendant owns, operates, and maintains a facility and principal place of business at 1150 Douglas Pike, Smithfield, RI 02917-01284.

11. At all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 100 or more employees in the State of Rhode Island.

12. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13. At all times material to the allegations of this Complaint, Defendant was and is an "employer" within the meaning of that term as applicable in pertinent federal and state statutes, and as that term is applicable to pertinent provisions of Title VII.

14. Ruggieri is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

15. At all times material to this action, the Defendant was an employer covered under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

FACTS APPLICABLE TO EACH COUNT

16. Ruggieri is a female.

17. Ruggieri was employed by the above-captioned Defendant employer for approximately two years.

18. Plaintiff was initially hired as a full-time lecturer in the defendant's Accounting Department, for the Fall 2002 term. She was subsequently re-hired as a full-time lecturer, for the Spring 2003 term. At the time of her separation, Plaintiff held the position of full-time lecturer in the Defendant's Accounting Department, pursuant to a one-year term, commencing on August 1, 2003, and ending on July 31, 2004.

19. Throughout the tenure of Plaintiff's employment, Plaintiff performed her teaching duties in an outstanding fashion, meeting or exceeding in all respects the Defendant employer's legitimate expectations. At no time has there ever been any

suggestion or allegation that Plaintiff's job performance was anything other than exemplary.

20. On or about April 10, 2004, Plaintiff was informed by the Accounting Department Chair, that she would not be offered a teaching contract for the coming academic year, for the sole reason that she concurrently maintained other employment. At no time previously during her roughly two years of employment was the Plaintiff ever advised by the Accounting Department Chair or any other authoritative personnel of Defendant that her other employment was a bar to contract renewal.

21. For approximately 18 years, Plaintiff has served as an Agent for the federal Internal Revenue Service (IRS). The Accounting Department Chair was fully aware of this employment and, at no time prior to the incident referenced in Paragraph 20, above, did he ever direct the Plaintiff to relinquish this employment or forfeit her faculty re-appointment.

22. The fact of Plaintiff's IRS employment was known to the Defendant when she was hired and, during the approximately two years of her employment, had never been cited by College authorities or the Department of Accounting Chair as a bar to the renewal of her teaching contract. By the same token, Plaintiff was never informed that her outside employment was prohibited or restricted pursuant to any provision of the collective bargaining agreement ("CBA") between the Defendant and the Bryant Faculty

Federation, Local 1769, AFL-CIO ("Union"), Plaintiff's collective bargaining representative. (On or about April 23, 2004, Plaintiff filed a grievance, which is currently pending, with respect to those issues properly subsumed by the applicable CBA.)

23. On information and belief, nothing exists in the employment-related materials, issued by the Defendant to faculty members, which indicate that Plaintiff would be barred from her full-time teaching position under the circumstances at issue in this action.

24. Upon reasonable understanding and belief, Plaintiff avers that certain *male* faculty members, including at least one in the Accounting Department, have maintained, and continue to maintain, outside employment, with the knowledge of the employer, and without restriction, admonition, or denial of contract renewal.

25. Plaintiff further avers that, based on her reasonable information and belief, following the non-renewal of her teaching contract, her teaching position was filled by a demonstrably less qualified *male* candidate who does not possess CPA certification, Plaintiff's experience, training, or educational level.

26. The announcement that Plaintiff's contract would not be renewed came within approximately two weeks of Plaintiff indicating to Defendant/the Accounting Department Chair an intention to pursue opportunities available to her for Defendant-

subsidized doctoral study ("Fellowship Program"—Sec. 4.9 of the CBA.) Plaintiff had applied for, and had been accepted for such qualified study, in pursuit of her Juris Doctor degree.

27. Based on reasonable information and belief, Plaintiff believes the benefit of Defendant-subsidized doctoral study has been historically been made available to, and utilized by, various *male* faculty members, without any negative impact on employment status. Plaintiff, in part because she requested equal treatment regarding this benefit as that accorded male employees, was denied renewal of her teaching contract.

28. The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender. And have retaliated against the Plaintiff for seeking to be accorded the same rights, privileges, and conditions of employment as accorded male employees of Defendant.

29. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender. Were it not for her gender, Plaintiff's teaching contract would

have been renewed, and she would not have been treated in a disparate fashion as compared to similarly situated male employees.

30. The wrongful actions by Defendant that Ruggieri complains of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

## COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT TERMINATION AND RETALIATION BASED ON GENDER RHODE ISLAND CIVIL RIGHTS ACT OF 1990 R.I.G.L. 42-112-1 ET SEQ.

31. Paragraphs 1-30, above, are herein incorporated by reference in their entirety.

32. By its conduct, Defendant has discriminated against Plaintiff on the basis of her gender, in the terms and conditions of her employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with her right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile manner, and forcing her to work in a hostile and demeaning environment based on her gender; and

d. causing her lost income and benefits, humiliation, and emotional injury, as well as harm to her reputation and professional mobility.

33. As the direct, foreseeable, and intended result of Defendant's unlawful discrimination, Ruggieri has suffered lost wages, benefits, harm to her good and valuable personal and professional reputation, as well as other damages, now and in the future, including emotional distress.

34. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Ruggieri's gender. Such practices include, but are not limited to, Defendant's:

a.) subjecting Ruggieri to discriminatory terms and conditions of employment because of her gender;

b.) retaliating against Ruggieri for asserting her rights to be free from discrimination based on gender;

c.) terminating Ruggieri valuable employment.

35. But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory terms and conditions of employment, retaliated against her, or refused to renew her employment contract.

36. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendant's conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
TERMINATION
AND RETALIATION BASED ON GENDER

RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. § 28-5-1 et seq.

37. Paragraphs 1-30 above are herein incorporated by reference in their entirety.

38. Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

39. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her person and professional reputation.

40. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Ruggieri's gender. Such practices include, but are not limited to, Defendant's:

a.) subject Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to receive equal treatment, not based on impermissible considerations of gender; and

d.) terminating Plaintiff.

41. But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory terms and conditions of employment, retaliated against her, or failed to renew her teaching contract.

42. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation and professional mobility; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT TERMINATION AND RETALIATION BASED ON GENDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. §2000, ET SEQ.

43. Paragraphs 1-30 above are herein incorporated by reference in their entirety.

44. Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

45. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and/or emotional injury, as well as harm to her personal and professional reputation.

46. The unlawful practices engaged in by the Defendant's were motivated by impermissible and unlawful considerations concerning Ruggieri's gender. Such practices include, but are not limited to, Defendant's:

a.) subject Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to receive equal treatment under Defendant's policies regarding benefits and other opportunities; and

d.) terminating Plaintiff by refusing to renew her teaching contract based on unlawful discriminatory motives.

47. But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a hostile environment based on her gender, or retaliated against her by refusing to renew her teaching contract, for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

48. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation and professional mobility; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Lynn Ruggieri
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA ☐ EEOC

CHARGE NUMBER: Attachment A

Rhode Island Commission for Human Rights and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | | HOME TELEPHONE *(Include Area Code)* |
|---|---|---|
| LYNN RUGGIERI | | 401-247-1284 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 40 MASSASOIT AVE, BARRINGTON, RI 02806 | | 11/18/60 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| BRYANT COLLEGE | 50+ | 401-232-6000 |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | COUNTY |
| 1150 Douglas Pike, Smithfield, RI 02917-1284 | | Providence |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
| | | |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | COUNTY |
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE — EARLIEST: 12/1/03 LATEST:
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I am a female. I have worked for the above-captioned employer for approximately two years. At the time of the instances referred to in this charge, I held the position of full-time lecturer in the Accounting Department. Throughout the tenure of my employment, I performed my teaching duties in an exemplary fashion, meeting or exceeding the employer's legitimate expectations. On or about April 10, 2004, I was informed by the Accounting Department Chair, that I would not be offered a teaching contract for the coming academic year, for the sole reason that I concurrently maintain other employment. For approximately 18 years, I have served as an Agent of the federal Internal Revenue Service (IRS). This fact was known to the college when it hired me and, during the past two years, had never been cited by College authorities as a bar to the renewal of my teaching contract. Moreover, I have found nothing in the employee materials issued on behalf of the college which indicate that I should be precluded from my full-time teaching position under the instant circumstances. It is my understanding that certain *male* faculty members, including at least one in the Accounting Department, have maintained, and continue to maintain, outside employment, with the knowledge of the employer, and without restriction or admonition. It is my further understanding that my teaching position has been offered to a demonstrably less-qualified male candidate, who does not possess CPA certification.

COPY

R.I.C.H.R.
JUN 09 2004

***Continued on Attached Sheet***

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)
Manning Com. exp. 8/13/07

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Lynn Ruggieri
Charging Party *(Signature)*

SIGNATURE OF COMPLAINANT
Lynn Ruggieri 6/7/04

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
Manning 6/7/04

EEOC FORM 5 (Rev. 06/92)

ATTACHMENT
Lynn Ruggieri- Charge Of Discrimination

In addition, the announcement that my contract would not be renewed came within approximately two weeks of my indicating an interest in pursuing opportunities available to me for College subsidized doctoral study. I believe that this benefit has been historically utilized by various male faculty members, with out any negative impact on employment status. The above conduct implicates possible violations of various state and federal laws designed to protect employees from discrimination based on gender including Title VII of the Civil Rights Act of 1964, the RI Fair Employment Practices Act and other state and federal laws.

Lynn Ruggieri (Claimant) 6/7/04 (Date)

R.I.C.H.R.
JUN 09 2004

Attachment B

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 04 ESE 356-10/34 EEOC NO. 16JA400231

In the matter of

Lynn Ruggieri
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Bryant College
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

11/19/04
Date

MDEvora
Michael D. Évora
Executive Director

*************************************************************************************

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Attachment C

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Lynn Ruggieri**
**40 Massasoit Avenue**
**Barrington, RI 02806**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2004-00231** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Robert L. Sanders,**
**Area Office Director**

NOV 15 2004
*(Date Mailed)*

Enclosure(s)

cc: **Ronald K. Machtley**
**BRYANT COLLEGE**
**1150 Douglas Pike**
**Smithfield, RI 02917**

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a RIGHT TO SUE in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the RIGHT TO SUE within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen T. Fanning, Esq.
Ronald Machtley, President
Barry Morrison, Agent for Service
Neal McNamara, Esq.

A-72

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

Charge Number 16J-2004-00231

CERTIFICATE

Pursuant to 1601.28 (a) (2) of the Equal Employment Opportunity Commission's Regulations, this is to certify that it is probable that the Commission will be unable to complete its administrative processing of the above referenced charge, due to pending workload within 180 days from the filing of the charge.

NOV 15 2004
Date

Robert L. Sanders
Area Director