UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNN RUGGIERI,<br>Plaintiff,<br><br>v.<br><br>BRYANT UNIVERSITY,<br>a/k/a<br>BRYANT COLLEGE,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-056 T |

ANSWER

Defendant, Bryant University responds to the allegations in the Complaint as follows:

1-3. The allegations in paragraphs 1, 2, and 3 of the Complaint do not require a response.

4-5. Defendant admits the allegations set forth in paragraphs 4 and 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7-18. Defendant admits the allegations set forth in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint, and affirmatively states that plaintiff's performance at all times was satisfactory, and that her performance was not the reason that defendant did not offer plaintiff a contract for the 2004-5 academic year.

3

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint, and affirmatively states that, on or about April 10, 2004, plaintiff was informed by the Accounting Department Chair that she would not be offered a teaching contract for the coming academic year because she concurrently maintained other full-time employment.

21. Defendant admits the allegations set forth in paragraph 21 that the Accounting Department Chair was aware that plaintiff had served as an agent for the Internal Revenue Service for 18 years, and denies the remaining allegations set forth in that paragraph.

22. Defendant admits the allegation set forth in paragraph 22 that the fact of plaintiff's IRS employment was known to the defendant at the time the plaintiff was hired, and denies the remaining allegations set forth in that paragraph.

23-30. Defendant denies the allegations set forth in paragraphs 23, 24, 25, 26, 27, 28, 29 and 30 of the Complaint.

31. Defendant repeats its responses to the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

32-36. Defendant denies the allegations set forth in paragraph 32, 33, 34, 35 and 36 of the Complaint.

37. Defendant repeats its responses to the allegations set forth in paragraphs 1 through 30 of the Complaint as if fully set forth herein.

38-42. Defendant denies the allegations set forth in paragraph 38, 39, 40, 41 and 42 of the Complaint.

43. Defendant repeats its responses to the allegations set forth in paragraphs 1 through 30 of the Complaint as if fully set forth herein.

44-48. Defendant denies the allegations set forth in paragraphs 44, 45, 46, 47, and 48 of the Complaint.

<u>First Defense</u>

The Complaint fails to state a claim upon which relief may be granted.

<u>Second Defense</u>

Plaintiff failed to exhaust her available remedies.

<u>Third Defense</u>

All actions taken by defendant with respect to plaintiff were taken in good faith.

<u>Fourth Defense</u>

All actions taken by defendant with respect to plaintiff were taken for legitimate non-discriminatory reasons.

<u>Fifth Defense</u>

Plaintiff has failed to mitigate her damages.

<u>Sixth Defense</u>

Plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against defendant.

<u>Seventh Defense</u>

Defendant gives notice that it intends to rely upon such other defenses as they become available or apparent during discovery in this case and hereby reserves its right to assert any such defense in the future.

Neal J. McNamara (#4249)
Holland & Knight LLP
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: March 7, 2005

CERTIFICATE OF SERVICE

I hereby certify that I mailed, by regular mail, postage prepaid, a true and accurate copy of the within Answer to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903 on this 7th day of March, 2005.

# 2637510_v1