UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNN RUGGIERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-056 T |
| | ) | |
| BRYANT UNIVERSITY, | ) | |
| a/k/a | ) | |
| BRYANT COLLEGE, | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL PLAINTIFF'S FURTHER RESPONSES TO DEFENDANT BRYANT UNIVERSITY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37(a)(2) of Fed. R. Civ. P., Defendant Bryant University hereby moves for an order compelling Plaintiff Lynn Ruggieri to provide further responses to the following requests for production of documents and striking all objections thereto. Defendant requests compliance with the order within ten (10) days of the granting of this motion.

The pertinent requests and responses appear below and are appended hereto in their original form as Exhibit 1:

**12.** All documents concerning any attempt on your part to secure employment following your separation from Defendant, including, but not limited to, cover letters and resumes sent to prospective employers, and responses thereto, and offers of employment received by you and responses thereto.

**RESPONSE:** Plaintiff secured alternative employment in August 2004 at Roger Williams University, and is making no claim for lost wages.

**ARGUMENT:** Plaintiff's employment at or attempts to become employed with employers other than Bryant University during her tenure at Bryant University is a central issue in this case. Accordingly, Bryant University is entitled to discover documents which show when Plaintiff began her job search and with whom she sought employment.

**16.** All documents referring or relating to any application that you made for admission to a program of graduate study, including but not limited to programs for the advanced study of law or accounting, during the period from August 2002 through June 2004.

**RESPONSE:** Plaintiff is attempting to retrieve these documents, including her application to Roger Williams University for the JD program, and will supplement this response as appropriate.

**ARGUMENT:** If documents exist, they should be provided.

**17.** All documents setting forth your work schedule, on a weekly or monthly basis, for the Internal Revenue Service during the period from September 2002 through June 2004.

**RESPONSE:** Objection. This request is overly burdensome and vexatious and is not calculated to lead to the discovery of relevant evidence.

**ARGUMENT:** The objection is unwarranted. One of the defenses asserted by Bryant University in this case is that Plaintiff maintained a work schedule with

the Internal Revenue Service (IRS) that was in excess of that permitted under Bryant University's Collective Bargaining Agreement. Therefore, Plaintiff's work schedule at the IRS during the period in which she was employed by Bryant University is relevant information to which Bryant University is entitled.

## CERTIFICATION

Defendant Bryant University certifies that it has in good faith conferred or attempted to confer with the Plaintiff in order to secure the requested documents without court action.

BRYANT UNIVERSITY a/k/a
BRYANT COLLEGE,

By their Attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara (#4249)
Jennifer Cervenka (#6340)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: August 26, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true and accurate copy of the within document to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903 on this 26th day of August, 2005.

______________________

# 3172732_v1