**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**LYNN RUGGIERI,**
**Plaintiff**

**C.A. No. 05-056T**

**v.**

**BRYANT UNIVERSITY,**
**a/k/a/**
**BRYANT COLLEGE,**
**Defendant**

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Request 1: All documents which in any way refer or relate to your allegations and claims in this case, including, but not limited to, correspondence, memoranda, your calendar, appointment book, personal diary, notes, or any similar written or recorded logs.

Response 1: Please refer to Document No. 1-86; and the *Collective Bargaining Agreement between Bryant College & Bryant Faculty Federation Local 1769, American Federation of Teachers, AFL-CIO* (Available for inspection and review at the Law Offices of Stephen T. Fanning, 305 South Main Street, Providence, RI 02903; approx. 50 pages).

Request 2: All documents containing, referring or relating to statements you have made about the facts or subject matter of this case.

Response 2: Documents No. 74, 54-55.

Request 3: All documents that evidence, refer or relate to any statements made by any person, at any time, which related to any of the allegations, and/or claims for damages or injuries, made by Plaintiff in this action.

Response 3: Documents No. 44, 52, 53, 54-55, 56, 57, 62, 63, 70-81, 83, 86.

Request 4: All documents obtained by you from Defendant or from any of their employees, agents or representatives, whether such documents were given to you or were taken by you, including but not limited to:

a) any records pertaining to your employment with Defendant;
b) any record of warnings, counseling, disciplinary action or other admonishment by Defendant directed to you;
c) any notes and/or correspondence and/or memos relating to your employment with Defendant;
d) any booklets, correspondence, memos, or other documents relating to employee benefits, pay, pay increases or decreases, or bonuses;
e) any documents relating to promotions and demotions, including applications made for promotions.

Response 4: a) Please refer to Documents No. 1-83
b) Plaintiff has no responsive documents in her possession, custody or control.
c) Please refer to Documents No. 1-83.
d) Collective Bargaining Agreement between Bryant College and Bryant Faculty Federation (See Response No. 1)
e) Collective Bargaining Agreement between Bryant College and Bryant Faculty Federation (See Response No. 1)

Request 5: All documents reflecting, referencing or otherwise evidencing any alleged discrimination by Defendant or any of its agents or employees.

Response 5: Please refer to Attached Documents 1-83, 86; and Collective Bargaining Agreement.

Request 6: All documents concerning communications between you or your attorney and any administrative agencies, including the Rhode Island Commission for Human Rights, the Equal Employment Opportunity Commission, the Rhode Island Department of Labor, or Workers' Compensation courts or insurance carriers, regarding any matter arising out of your employment with Defendant.

Response 6: Attached Document 54-55, 84-85.

Request 7: All documents that relate, refer to, or comprise communications between you or your attorney and any present or former employee of Defendant relating to your employment with Defendant.

Response 7: Please refer to Attached Documents 1-86.

Request 8: All documents concerning earned or passive income you have received from any source since your employment ended with Defendant, including but not limited to check stubs, payroll records, unemployment compensation records, Workers' Compensation records, disability payment records, and W-2 and 1099 forms.

Response 8: OBJECTION. Plaintiff objects on the basis that she is making no claim for lost wages, and therefore this request is not calculated to lead to the discovery of relevant evidence.

Request 9: All state and federal income tax returns including any schedules or attachments filed by you or on your behalf for the years 2003 to present.

Response 9: OBJECTION. Plaintiff objects on the basis that she is making no claim for lost wages, and therefore this request is not calculated to lead to the discovery of relevant evidence.

Request 10: To the extent not encompassed by the foregoing requests, all documents reflecting, referencing, otherwise evidencing, or upon which you intend to rely to show the nature and extent of any lost wages incurred by you as a result of the allegations in the Complaint.

Response 10: OBJECTION. Plaintiff objects on the basis that she is making no claim for lost wages.

Request 11: All documents evidencing, commenting upon, or referring to any incidents from June 2002 to the present, involving the conduct of the Defendant, which have caused you to suffer emotional or psychological distress or injury.

Response 11: Plaintiff avers that Defendant's failure to renew her contract caused her to suffer emotional/psychological distress. Supporting Documentation, No. 1-86, are attached.

Request 12: All documents concerning any attempt on your part to secure employment following your separation from Defendant, including, but not limited to, cover letters and resumes sent to prospective employers, and responses thereto, and offers of employment received by you and responses thereto.

Response 12: Plaintiff secured alternative employment in August 2004 at Roger Williams University, and is making no claim for lost wages.

Request 13: All documents referring or relating to any grievance that you filed arising out of your employment with Bryant University.

Response 13: Any such documents in Plaintiff's current possession are attached.

Request 14: All documents that you received from Bryant University, including but not limited to employee handbooks and collective bargaining agreements, in connection with your employment.

Response 14: Please refer to Response No. 1.

Request 15: All documents upon which you rely in support of the allegations set forth in paragraph 23 of the Complaint.

Response 15: Please refer to the Collective Bargaining Agreement and documents attached.

Request 16: All documents referring or relating to any application that you made for admission to a program of graduate study, including but not limited to programs for the advanced study of law or accounting, during the period from August 2002 through June 2004.

Response 16: Plaintiff is attempting to retrieve these documents, including her application to Roger Williams University for the JD program, and will supplement this response as appropriate.

Request 17: All documents setting forth your work schedule, on a weekly or monthly basis, for the Internal Revenue Service during the period from September 2002 through June 2004.

Response 17: Objection. This request is overly burdensome and vexatious and is not calculated to lead to the discovery of relevant evidence.

Request 18: All documents from your personnel file at the Internal Revenue Service commenting upon or evaluating your job performance, including but not limited

to written evaluations, warnings, and reprimands, covering the period from August 2002 to June 2004.

Response 18: Objection. This request is overly burdensome and vexatious and is not calculated to lead to the discovery relevant evidence.

Request 19: All documents or tangible items or exhibits that you intend to offer at trial.

Response 19: At this point in time, Plaintiff has not determined what items she intends to offer at trial.

Request 20: All documents identified in your Responses to Defendant's First Set of Interrogatories.

Response 20: Responsive documents are attached.

Respectfully Submitted,
Lynn Ruggieri
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
Fax: 401-272-4520

CERTIFICATION

I hereby certify that a true and accurate copy of the above was hand-delivered, on the date indicated below, to: Neal J. McNamara, One Financial Plaza, Suite 1800, Providence, RI 02903.

______________________ Date: 7/25/05